HEANEY, Circuit Judge,
concurring.
I concur in the result reached by the majority only because the appellants abandoned their claim that the appellees violated Minnesota Statute § 72A.20, subd. 20. In my view, the administrative law judge erred in deciding that the appellees had not violated the statute because the Legislature was not a department or agency of the State of Minnesota. I believe that this ruling is contrary to the Minnesota Constitution. Unfortunately for the appellants, they not only failed to appeal the administrative law judge’s decision on that issue, but they also specifically noted both in the district court and here that they were abandoning that claim and instead were appealing on the basis that the statute expressed the public policy of the state. I agree with the majority on the public policy issue; thus, I have no alternative but to concur in the result.
Fortunately, the Minnesota statute has now been amended to clarify the original intent of the Legislature to make clear that the Legislature is included in the purview of the statute. Thus, in the future an insurance company may not terminate an agent’s contract because the agent has either directly or indirectly made contact with the Legislature on matters which directly involve their economic future.